**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of the Complaint,<br><br>-of-<br><br>Ed Seganti, as Owner of a 2018 30' Cobia Boat 301CC motorboat for Exoneration from or Limitation of Liability,<br><br>Petitioner. | 2:23-cv-08151<br>(NJC) (JMW) |

## <u>MEMORANDUM AND ORDER</u>

NUSRAT J. CHOUDHURY, United States District Judge:

Petitioner Ed Seganti ("Seganti"), the owner of a 2018 thirty-foot long Cobia 301CC motorboat (the "Vessel"), commenced this action pursuant to 46 U.S.C. § 30529 to limit liability for claims arising out of a May 29, 2022 accident. (*See* Pet., ECF No. 1.)[1]  For the reasons discussed below, the Petition is untimely and the case is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On November 1, 2023, Seganti commenced this limitation of liability ("LoLA") action pursuant to 46 U.S.C. § 30529 to limit his liability for claims arising out of a May 29, 2022 accident to $168,775.08—the value of the Vessel after the accident. (*See* Pet. ¶¶ 5, 11–12, 15–16.) Alongside the Complaint, Seganti filed a Declaration of Value (ECF No. 1-1), an *Ad Interim* Stipulation of Value (ECF No. 1-2), a Proposed Order (ECF No. 1-3), and a Limitation of Liability Act Notice (ECF No. 1-4). This matter was reassigned to this Court's docket on December 18, 2023. (Elec. Order, Dec. 18, 2023.)

---

[1] The Court construes Petitioner's "Complaint for Exoneration from or Limitation of Liability" as a Petition and will refer to it as such. (Pet., ECF No. 1 at 1.)

On January 18, 2024, the Court issued an Order directing Seganti "to serve notice of this action on all potential claimants within 10 days," and noted that it would "defer ruling on the application and restraining order sought by the petition pending receipt of a response by potential claimants." (Elec. Order, Jan. 18, 2024.) On January 22, 2024, Seganti filed an Affidavit of Service demonstrating service on potential claimant Nancy Skolnik ("Skolnik"). (ECF No. 7.)

On March 20, 2024, Seganti filed a letter requesting that the Court enter the Proposed Order and order that the LoLA Notice be executed by the Clerk of Court. (ECF No. 8.) On April 4, 2024, Skolnik's attorney filed a Notice of Appearance indicating that Skolnik had filed a related action in the New York State Supreme Court, Nassau County, Index No. 612559/2023. (ECF No. 9.) Skolnik also requested a pre-motion conference on an anticipated motion to dismiss the Petition. (ECF No. 10.) That same day, Seganti filed a letter challenging Skolnik's request for a pre-motion conference on an anticipated motion to dismiss, which reiterated his prior request that the Court enter the Proposed Order and execute the LoLA Notice pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule F ("Supp. Rule F"). (ECF No. 11.) On April 8, 2024, Seganti filed another letter requesting that the Court enter the Proposed Order and execute the LoLA Notice. (ECF No. 13.)

On April 12, 2024, the Court issued the following Order:

The Court has reviewed Petitioner's Complaint, Declaration of Value, Ad Interim Stipulation for Value, Proposed Order, and LOLA Notice. ECF No. 1. The Court has also reviewed Petitioner's letters requesting that the Court So Order the Proposed Order and Notice. ECF Nos. 8, 11, 13.

Upon review, Petitioner's Complaint and additional documents do not clearly identify that the Complaint was filed within six (6) months of Petitioner being placed on notice of a claim, as required by 46 U.S.C. § 30529 and FRCP Supp. AMC R. F. Petitioner is ordered to file a sworn affidavit with the Court by April 16, 2024, addressing whether the Complaint was timely filed under 46 U.S.C. § 30529, including by providing the date by which Petitioner was placed on notice of a claim, how that claim was made, and whether the Complaint here was filed

2

within six (6) months of that notice.

(Elec. Order, Apr. 12, 2024.)

On April 15, 2024, in response to the Court's April 12, 2024 Order, Seganti filed an affidavit by his attorney Michael E. Stern ("Stern Affidavit"). (Stern Aff., ECF No. 14.) Stern attests that Skolnik's "counsel forwarded a letter of representation on September 22, 2022" to Seganti, but argues that the letter did "not provide [Seganti] with notice that a claim could exceed the value of his boat, or even the nature of the injury alleged." (*Id.* ¶ 3.) Stern attaches the September 22, 2022 letter to his affidavit. It states:

> Please be advised that this office has been retained by the above-named to pursue a claim for personal injuries arising out of and as a result of an accident which occurred on the above date [May 29, 2022] through your negligence. Kindly refer this letter immediately to your insurance carrier and/or attorney for prompt consideration and further attention.
>
> Be advised, **we demand that you secure and save all video and still photography camera footage for the entire date of *May 29, 2022.*** Same will be demanded during litigation. Failure to save the video footage will force us to address any issues concerning same with the Court.

(Stern Aff. at 4 (emphasis in original).) Stern attests that Skolnik filed the state court action on August 7, 2023 and sent Seganti's marine insurer an August 29, 2023 letter "setting out the nature of the injury alleged, with medical records." (*Id.* ¶¶ 4–6.) According to Stern, the six-month timeline for filing a limitation of liability action commenced "in August 2023," and thus the filing of the Petition less than four months later is "timely." (*Id.* ¶ 6.)

On April 15, 2024, Skolnik filed a response to the Stern Affidavit arguing that the September 22, 2022 letter "constitutes sufficient notice to trigger the six-month window in which to bring a LoLA action" and that "[b]ecause [Seganti] failed to do so, the case must be dismissed." (ECF No. 15 at 1.) Skolnik argues that the September 22, 2022 letter to Seganti is akin to the letter that was determined to have placed a LoLA petitioner on notice of a potential

claim thereby triggering the six-month filing deadline in *In Re Bayview Charter Boats, Inc*., 692 F. Supp. 1480 (E.D.N.Y. 1988). (ECF No. 15 at 1–2.) On April 17, 2024, Seganti filed another letter arguing that Skolnik may not file a motion to dismiss because she lacks "standing" to file motions or letters before this Court as a "non-party." (ECF No. 16.)

## DISCUSSION

Federal courts are courts of limited jurisdiction and must dismiss any case over which they lack subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024) ("[W]hen a court determines it lacks subject matter jurisdiction, it . . . should dismiss the action in its entirety."). This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Allco Fin. Ltd. v. Roisman*, No. 22-2726, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023). In determining whether it has subject matter jurisdiction, a district court may refer to evidence outside the pleadings. *See id.*

A limitation of liability action "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Matter of Hornstein*, No. 19-CV-5795 (DLI)(ST), 2020 WL 5810080, at *1 (E.D.N.Y. Sept. 30, 2020) (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001)) (quotation marks omitted). A petitioner seeking to limit their liability must file a LoLA petition in federal district court within six months of receiving "written notice of a claim." 46 U.S.C. § 30529(a); Supp. Rule F. A district court lacks subject matter jurisdiction when a LoLA petition is untimely filed. *See Matter of Bullet Servs., Inc.*, 422 F. Supp. 3d 784, 786 (E.D.N.Y. 2019) ("A party who contends that a limitation action was not timely filed

4

challenges the district court's subject matter jurisdiction"); *In re Complaint of Pinand*, 638 F. Supp. 2d 357, 359 (S.D.N.Y. 2009) ("[T]here is substantial authority for [the] contention that the six month requirement is a condition precedent that a vessel owner must plead and prove, without which an admiralty court lacks subject matter jurisdiction.").

The six-month period begins to run when a petitioner receives notice "of an actual or potential claim . . . which may exceed the value of the vessel." *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994). Moreover, notice "to the vessel owner need not make explicit that its potential claim against the owner exceeds the value of the boat; rather, it need only be reasonably possible to infer from the notice that the total amount of the claims will exceed the value of the ship." *In re Henry Marine Serv.*, 136 F. Supp. 3d 401, 408 (E.D.N.Y. 2015) (citing *Compl. of Morania Barge No. 190, Inc.*, 690 F.2d 32 (2d Cir. 1982)). "[A] vessel owner is subject to the six-month statute of limitations even when doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship." *Id.*; *see also Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982) ("Indeed, even when doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship the owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount claimed is uncertain[.]").

The September 22, 2022 letter provided Seganti with sufficient notice triggering the six-month period to file a LoLA petition. 46 U.S.C. § 30529(a); Supp. Rule F. It is undisputed that Seganti received the September 22, 2022 letter and that it explicitly advised him that Skolnik had retained counsel to represent her in "a claim for personal injuries" against Seganti "arising out of and as a result of" a May 29, 2022 accident. (Stern Aff. ¶ 3; *id.* at 4.) The letter further instructed Seganti to "immediately" forward the letter to his "insurance carrier and/or attorney for prompt

5

consideration and further attention" and "demand[ed]" that Seganit "secure and save all video and still photography footage for the entire date of May 29, 2022" for use in potential litigation. (*Id.* at 4.) Thus the letter provided sufficient notice to Seganti of "an actual or potential claim, . . . which ***may*** exceed the value of the vessel." *Doxsee*, 13 F.3d at 554 (emphasis added); *see also Matter of Hornstein*, 2020 WL 5810080 at *1.

Seganti's argument that the September 22, 2022 letter did not place him on notice because it did not explicitly identify "the nature of the injury alleged" or state "that a claim could exceed the value of the boat" is unpersuasive. (Stern Aff. ¶ 3.) The Second Circuit does not require "exacting specificity in a notice of claim to a vessel owner." *Doxsee*, 13 F.3d at 554. Instead, it applies "a broad and flexible standard of review—reading letters of notice in their entirety and considering their whole tenor—when determining if sufficient notice was given." *Id.* (quotation marks omitted). The September 22, 2022 letter is comparable to letters recognized by other courts to place vessel owners on notice of a potential claim triggering the six-month filing deadline set forth in 46 U.S.C. § 30529(a). For example, in *In re Bayview Charter Boats, Inc.*, a letter to a vessel owner was deemed to have provided sufficient notice where it informed the petitioner "of the incident at issue and the possibility that [petitioner] would be held liable for [c]laimants' injuries." 692 F. Supp. at 1486; *see also Doxsee*, 13 F.3d at 554–55 ("[L]etters sent by claimants to vessel owners may constitute notice of claim."); *In re Miller's Launch, Inc.*, No. 10 CIV. 0872 BMC, 2010 WL 3282627, at *2 (E.D.N.Y. Aug. 18, 2010) ("[F]ormality is not needed; letters sent by claimants to vessel owners may suffice.").

Seganti's November 1, 2023 LoLA Petition was filed thirteen (13) months after Seganti received the September 22, 2022 letter. The Petition is therefore untimely under 46 U.S.C. § 30529, and the Court lacks subject matter jurisdiction over this action. *See Matter of Bullet*

*Servs.*, 422 F. Supp. 3d at 786; *In re Complaint of Pinand*, 638 F. Supp. 2d at 359. The Court

therefore dismisses this action in it its entirety. *See* Fed. R. Civ. P. 12(h)(3); *Do No Harm*, 96

F.4th 106, at 120–21.

## CONCLUSION

For the forgoing reasons, Seganti's Petition (Pet., ECF No. 1) is dismissed as untimely

and the case is dismissed in its entirety for lack of subject matter jurisdiction. Case closed.


Dated: Central Islip, New York

May 2, 2024


         */s Nusrat J. Choudhury*
         NUSRAT J. CHOUDHURY
         United States District Judge